UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

|  |  |  |
|---|---|---|
| AARON L. WESLEY, | ) ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | No. 4:11-cv-01897-JAR |
| ELLIS MCSWAIN, | ) ) ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Aaron L. Wesley's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). The Government responded (Doc. 15). For the following reasons, Petitioner's Section 2254 petition is **DENIED** and this action is **DISMISSED with prejudice.**

### I. Introduction and Background

On June 16, 2003, Petitioner pled guilty to one count of second-degree trafficking in St. Charles County Circuit Court. He was sentenced to twelve years' imprisonment with the Missouri Department of Corrections. The court suspended the execution of Petitioner's sentence and placed him on supervised probation for five years. On October 19, 2009, the court revoked Petitioner's probation and executed the sentence. Petitioner was released on July 3, 2012 and is currently on parole.

Petitioner did not file a direct appeal of his conviction. He did, however, file a motion for post-conviction relief with the state on December 7, 2009. His post-conviction petition was denied on August 16, 2010.

On October 11, 2011, Petitioner filed his Section 2254 petition in which he raises the following four grounds for relief:

1) Petitioner alleges that the state erred in charging him with trafficking when his original charge was possession.

2) Petitioner alleges that his counsel was ineffective for failing to locate witnesses and for "forcing" him to accept a plea deal rather than go to trial by telling him that he could end up with more jail time if he went to trial.

3) Petitioner alleges that the court erred in revoking his probation on October 19, 2009, because his five-year probation term expired on June 16, 2008.

4) Petitioner alleges that he deserves additional jail time credit based on the time he spent on probation.

The Government responded (Doc. 15) first arguing that the petition was untimely and then addressing each of the four grounds individually. The Court has reviewed the petition and the Government's response in their entireties but as it has determined that the petition is untimely, the Court will limit its order to that issue.

## II. Analysis

Section 2254 petitions are subject to a one-year limitation period pursuant to 28 U.S.C. § 2244(d). As it relates to this case, § 2244(d)(1)(A) provides that the one-year period begins to run on "the date on which the judgment became final." Section 2244(d)(2) explicitly excludes from this period of limitation, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Therefore, while a properly filed state petition for post-conviction relief is pending the 1-year period of § 2244(d)(2) is tolled. *Williams v. Bruton*, 299 F.3d 981, 982 (8th Cir. 2002).

In this case, Petitioner failed to timely file his federal habeas petition. His conviction became final on June 26, 2003. However, Petitioner did not file the current case until October 11, 2011, well after the 1-year limitation had expired. His later filed post-conviction petition does not toll the period as it was filed outside the applicable 1-year period. *See Gray v. Gammon*, 283 F.3d 917, 918 (8th Cir. 2002). Furthermore, equitable tolling is unwarranted in this case as nothing in the petition indicates that Petitioner "diligently pursued his rights" and that some "extraordinary circumstance" stood in his way. *Pace v. DiGulielmo,* 544 U.S. 408, 418 (2005).

### III. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Aaron L. Wesley's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED.**

**IT IS FURTHER RECOMMENDED** that, because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998).

A judgment dismissing this case is filed herewith.

Dated this 28th day of October, 2014.

                                        _/s/ John A. Ross_
                                        **JOHN A. ROSS**
                                        **UNITED STATES DISTRICT JUDGE**